**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0113-20

TURBO FINANCIAL
IMPROVEMENT, LLC,

     Plaintiff-Respondent,

v.

GLADYS COLLINS,

     Defendant-Appellant.

_____

Submitted December 2, 2021 – Decided December 10, 2021

Before Judges Alvarez, Haas, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-014921-19.

Franklin S. Montero, attorney for appellant.

Romi S. Law, attorney for respondent.

PER CURIAM

     Defendant Gladys Collins appeals from an August 27, 2020 order granting

a judgment of possession and warrant of removal in favor of plaintiff Turbo

Financial Improvement, LLC, a September 10, 2020 order denying an order to show cause to vacate the August order, and a September 18, 2020 order denying a motion for reconsideration. We affirm.

We glean the following facts from the record. On October 24, 2019, plaintiff acquired property from Cash Flow Capital G, LLC (Cash Flow). After learning defendant occupied the property, plaintiff filed an ejectment action seeking a writ of possession. Defendant did not appear at the ejectment hearing, claiming she was late due to a doctor's appointment. The court entered an ejectment order on February 27, 2020.

Defendant moved for reconsideration. She attached to the motion: a copy of a lease effective October 1, 2019 through September 30, 2021 and signed by her and Edward Espinal on behalf of Cash Flow, a document allegedly proving she paid property taxes, and a check and wire transfer defendant claimed were advanced rent payments. The March 2017 wire transfer stated defendant sent $100,000 on behalf of Cash Flow to a company in China, care of a client of Cash Flow. The August 2018 check totaling $20,000 was drawn on defendant's account payable to Cash Flow. Defendant's motion was granted unopposed because plaintiff's counsel contracted COVID-19 and could not file opposition. The trial judge vacated the order for possession, restored defendant to the

property, and granted her "credit for all rent advancements made to the previous owner of record."

Plaintiff moved for reconsideration. At oral argument,[1] plaintiff alleged the tenancy was not disclosed before purchase and that plaintiff and defendant never had a landlord tenant relationship. Plaintiff maintained neither the wire nor the check proved rent payment because the wire was sent to China on behalf of Cash Flow and the check had no notation it was for rent. Plaintiff also pointed out that both transactions predated Cash Flow's ownership of the property.

Defendant filed opposition. She supplied a certification from Espinal supporting her claims of a lease and rent credits. Espinal claimed defendant paid him $120,000 which he "used to purchase the property in exchange for credit towards rent . . . ."

Following oral argument, the judge granted plaintiff's motion and found as follows:

> Plaintiff's certification and exhibits credibly demonstrate that defendant was untruthful in her previous moving certification with respect to the so-called "advanced rent payments" and prior lease. At best, defendant has failed to adequately demonstrate any reason why a judgment of possession should not be entered in favor of plaintiff. At worst, defendant

---

[1] We refer to the transcript of the oral argument because plaintiff's motion pleadings are not part of the appellate record.

3                                                                          A-0113-20

committed what are potentially actionable or criminal misrepresentations.

The judge entered an order dated June 2, 2020, reinstating the judgment of possession, stating: "Any alleged credit for rent advancement made to [the] previous owner . . . is vacated and it is determined that no rent credit was advanced to [the] previous owner of record[.]" The judge stayed the judgment of possession pursuant to Executive Order (EO) 106, [2] which imposed pandemic-related eviction restrictions.

In August 2020, plaintiff filed an order to show cause to enforce the ejectment order. Plaintiff argued the court should grant ejectment pursuant to a provision in EO 106 permitting relief from the eviction moratorium in the interests of justice. Plaintiff noted EO 106 was intended to protect tenants who could not pay rent during the pandemic, not defendants who had defrauded the court and were not even legal tenants. Defendant opposed plaintiff's request, denied any fraudulent conduct, and argued she and her children would suffer a greater harm than plaintiff if removed from the property.

---

[2] Exec. Order No. 106 (Mar. 19, 2020), 52 N.J.R. 553(a) (Apr. 6, 2020).

Neither defendant nor her counsel appeared for oral argument. Plaintiff's counsel argued his client purchased the property with a hard money loan,[3] could not refinance the property because he was not occupying it, and had to make alternative housing arrangements. Counsel reiterated there was no evidence defendant was ever a tenant.

The trial judge found the rent documents defendant submitted "were, in fact, fraudulent." The judge concluded that the interests of justice weighed "much more favorably in plaintiff's . . . side than that of defendant, particularly because of the fraud perpetrated by the defendant." She then entered the August 27, 2020 order granting plaintiff possession.

After defendant was served with the lockout notice, she filed an order to show cause to vacate the August order and halt the lockout. Her counsel certified he did not appear for oral argument because he did not receive the Zoom link.

On September 10, 2020, the judge denied the order to show cause. She reiterated her finding that defendant "perpetrated a fraud on the [c]ourt by

---

[3] "Hard money loans are considered loans of 'last resort' or short-term bridge loans. These loans are primarily used in real estate transactions, with the lender generally being individuals or companies and not banks." Troy Segal, Hard Money Loan, Investopedia (Dec. 16, 2020), https://www.investopedia.com/terms/h/hard_money_loans.asp.

submitting documents that were falsified by the [d]efendant for the sole purpose of allowing her to remain in the home to the detriment of [p]laintiff." Regarding defense counsel's claim about the Zoom link, the judge found:

> As was clearly stamped on the bottom of the [order to show cause,] the parties had the responsibility to contact the [c]ourt to obtain Zoom information to participate in the hearing. Defense counsel failed to do so and now is attempting to [persuade] the [c]ourt by this last minute effort and the [c]ourt finds she has not met the standard under Crowe v. [De Gioia], 90 [N.J.] 126 [(1982)].

Defendant filed a motion for reconsideration, which the judge denied on September 18, 2020. The judge found defendant did not meet her burden of proof under Rule 4:49-2 and concluded the "[f]ailure to appear for oral argument is not a proper reason for a [m]otion to [r]econsider."

I.

Defendant challenges the August 27 order, arguing the judge failed to address the basis for the motion. She also claims the judge did not make findings of fact or conclusions of law.

We review denial of a motion for reconsideration for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornblueth v. Westover, 241 N.J. 289, 301 (2020)). "An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis." <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2015) (internal quotation marks omitted) (quoting <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

We are convinced defendant's arguments lack merit. <u>See</u> <u>R.</u> 2:11-3(e)(1)(E). The judge adequately explained her findings at the August 27 oral argument. She reiterated these findings in the subsequent order denying reconsideration. These findings were not reversible error.

II.

Defendant argues the September 18 order was entered in error because the judge's interpretation of EO 106 was flawed. Notwithstanding this argument, her brief asserts: "Defendant is not arguing the fact that she would have had to leave the property. . . . Plaintiff has already been granted possession of the property once the moratorium was lifted but in the interest of justice, why punish . . . [d]efendant and her two minor children who had just started school."

The "appellate function is a limited one: we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]"

7

Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). The September 18 order was not erroneous. EO 106 stayed eviction proceedings and lockouts while the order was in effect "unless the court determines . . . that enforcement is necessary in the interest of justice." Exec. Order No. 106, 52 N.J.R. at 553(a).

The trial judge followed EO 106 and properly balanced the parties' interests when she denied defendant's motion to halt the lockout. Defendant concedes plaintiff is entitled to possession. Finally, the lockout order was not stayed pending appeal and has already been executed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0113-20